UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ME2 PRODUCTIONS, INC.,

    Plaintiff,

    v.

JESSICA ROBERTS, *et al.*,

    Defendants.

Case No. C16-1778RSL

ORDER DENYING MOTION FOR EXTENSION OF TIME AND DISMISSING CASE

    This matter comes before the Court on plaintiff's motion for an extension of time in which to serve the complaint. Dkt. # 18. A party generally has 90 days after a complaint is filed in which to serve the defendant. Fed. R. Civ. P. 4(m). It can be challenging to meet this deadline in BitTorrent cases where plaintiff must first conduct discovery from the ISP before it can identify, name, and serve the defendant. It can be done, however, and the Court has repeatedly indicated that it expects at least a good faith effort to comply with the service deadline. Where the motion for leave to conduct expedited discovery is filed and granted in a timely manner and the ISP responds promptly, plaintiff has some time – a few days or weeks depending on the production date – in which to pursue an amicable resolution of the case before utilizing the waiver of service procedure set forth in Fed. R. Civ. P. 4(d). If plaintiff opts to spend additional time negotiating with persons who have not yet been named as defendants, it would still have time to engage a process server and accomplish service in a timely manner. In these

ORDER DENYING MOTION FOR EXTENSION
OF TIME AND DISMISSING CASE - 1

scenarios, an extension of time should be necessary only if a defendant failed to waive or was dodging service.

Here, plaintiff is not seeking an extension of time because the Court delayed in granting the discovery request, because the ISP delayed in producing the necessary information, or because defendants impeded timely service. Despite obtaining the necessary contact information more than a month before the February 14, 2017, service deadline, there is no evidence that plaintiff made any attempt to timely serve.[1] Rather, plaintiff opted to spend almost six weeks informally communicating with the subscribers before filing an amended complaint and seeking an extension of the service deadline.

Good cause has not been shown. Despite prior warnings (see CELL Film Holdings, LLC v. Rogers, C16-1180RSL, Dkt. # 13 at 2 (W.D. Wash. Oct. 31, 2016)), plaintiff has not adjusted its procedures sufficiently to account for the known and expected delays in accomplishing service in these cases. Nor has it made any effort to accomplish service prior to the expiration of the service deadline. Plaintiff's apparent preference for weeks of informal discussions does not excuse its failure to comply with the Federal Rules of Civil Procedure. The Court finds that an extension of the service deadline is not warranted. This action is hereby DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

Dated this 16th day of February, 2017.

*[signature: M S Lasnik]*

Robert S. Lasnik
United States District Judge

---

[1] Plaintiff's motion states that it "is promptly mailing out waivers of service." Dkt. # 18 at 3. There is no explanation for why this step was not taken in a timely manner, nor is there any evidence to support the bald assertion of intended action. Dkt. # 19.

ORDER DENYING MOTION FOR EXTENSION
OF TIME AND DISMISSING CASE - 2